UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER WILSON #364916,

        Plaintiff,                Case No. 2:14-cv-11

v.                                         HON. ROBERT HOLMES BELL

DR. RICHARD BOHJANEN, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Christopher Wilson pursuant to 42 U.S.C. § 1983. The defendants in this case are Richard Bohjanen, Corizon Health[1], and Michigan Department of Correction's Pain Management Committee ("PMC"). Defendant Bohjanen and defendant Corizon filed a motion for summary judgment (Docket #34), and defendant PMC files for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket #19). Defendant Bohjanen claims that he was not deliberately indifferent to plaintiff's back complaints, and therefore plaintiff failed to establish a valid Eighth Amendment claim. Defendant Corizon claims that it cannot be held liable under a theory of respondeat superior. Defendant PMC claims that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff did not file a response to either motion.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

---

[1] Initially defendant Corizon was misidentified as Correctional Medical Services (Docket #26).

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

In plaintiff's complaint, he alleges that on November 3, 2010, he contacted defendants regarding a complete loss of mobility and severe pain on his left side. Over the next year and a half plaintiff claims to have suffered from severe pinching pain on the lower left side of his body, severe back pain, loss of mobility, loss of sleep, pain in his buttocks, pain in his left leg, and difficulty urinating. Plaintiff filed multiple grievances regarding his deteriorating condition and the treatments he was receiving. In particular, plaintiff identifies two grievances that lay the foundation for his claims.

Plaintiff's first grievance was on May 11, 2011, wherein he complained of defendant PMC's denial of the use of pain medication and the cancellation of an MRI. The day before plaintiff filed this grievance he was seen by Dr. Kocha. Plaintiff's medical records indicate that during his examination he inquired about receiving an MRI, and Dr. Kocha explained that he would need to consult with his colleagues before any action could be taken. Dr. Kocha had also reviewed

plaintiff's recent blood tests, which showed that plaintiff had not been taking Tegretol, one of plaintiff's prescribed medications. This indicated that plaintiff was either throwing his medication away, giving it to other inmates, or storing it so that he could take more than the recommended dosage at one time. Therefore, Dr. Kocha did not renew plaintiff's prescription for Tegretol. Also, when plaintiff arrived at the clinic, plaintiff was walking slowly with a limp and complaining of leg and buttock pain. However, when plaintiff was approximately ten paces out of the clinic, plaintiff walked with an even and regular gate, and with a minimal limp.

Interestingly enough, in plaintiff's grievance he stated that it was Dr. Kocha who had ordered the MRI. However, there is no record of an MRI ever being scheduled by Dr. Kocha. Further, the only statement made by Dr. Kocha regarding an MRI was an assurance that he would consult with his colleagues regarding plaintiff's request. As to the medication allegedly denied by defendant PMC, plaintiff's medical records clearly show that his medication was only limited because he was taking the maximum dosage allowed by both defendant PMC and the formulary.

Plaintiff's second grievance was submitted on June 2, 2011. Plaintiff complained of terrible pain and distress, inquired over his MRI, and expressed worry about his deteriorating condition. Plaintiff was then given a consultation for June 17, 2011. Cindy M. Shepherd, the person who performed the consolation, recommended plaintiff receive an MRI. However, the reviewer, Dr. Adam Edelman, wrote that there was "no indication for an MRI at this time." Defendant Bohjanen then discussed plaintiff's consultation with Dr. Edelman. Dr. Edelman recommended that further evaluation by defendant PMC would be appropriate and he proposed a consultation with Dr. Bomber, the Regional Medical Director. On June 28, 2011, plaintiff was given a transcutaneous

electrical nerve stimulation ("TENS") unit to help manage the pain, and was told to continue his regimen of medications.

Plaintiff asserts that he filed a formal appeal on Dr. Edelman's decision to forgo performing an MRI. However, defendants claim that they never received plaintiffs appeal. Plaintiff also states that from August 16, 2011, through September 14, 2011, he was unable to see a doctor, even though he was repeatedly told that he was "listed for sick call." On September 15, 2011, a nurse referred plaintiff for further evaluation. On September 20, 2015, Defendant Bohjanen gave plaintiff a physical exam, and prescribed him a steroid taper with Prednisone.

On October 7, 2011, plaintiff saw defendant Bohjanen again and told him that he had increased mobility, but did not experience any pain relief. Plaintiff also stated that the TENS unit was ineffective. Defendant Bohjanen noted that he had seen plaintiff walking in the yard without a limp and that plaintiff only began limping when he realized that he was being watched. Further, Wilson had a job working on the yard and, according to defendant Bohjanen, being able to perform that activity is inconsistent with the level and type of back and leg pain that plaintiff is alleging. At his next visit with defendant Bohjanen, plaintiff was prescribed Dilantin, an anti-seizure medicine that was often used for chronic pain management. Approximately one month later, plaintiff told defendant Bohjanen that the Dilantin was easing his pain.

On October 18, 2011, plaintiff was transferred from the Marquette Branch Prison to the Alger Correctional Facility. Plaintiff continued to receive treatment while at this new facility. Sometime in February 2012, Dr. Bomber approved an MRI for plaintiff. The very next day he was admitted for emergency surgery and was given a lumbar discectomy. Plaintiff claims that before the surgery, he heard Dr. Kocha's partner talking to himself, wondering why plaintiff was receiving

4

Dilantin. Plaintiff asserts, without providing medical evidence, that the surgery was only necessary because of a delay in treatment. Plaintiff claims that he now suffers from drop foot, and has to wear a foot brace. Plaintiff also claims that he has extensive nerve damage to his left leg, is in constant and continuous pain, and has difficulty sleeping. Defendant Bohjanen claims that he was not deliberately indifferent to plaintiff's back complaints, and therefore plaintiff has failed to establish a valid Eighth Amendment claim.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate

must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In the instant case, plaintiff fails to objectively establish that his injuries were sufficiently serious. Plaintiff's condition cannot be described as "obvious to a lay person." Plaintiff had been seen multiple times walking without a limp and working a job without difficulties. Moreover, on at least one occasion a blood test had shown that plaintiff was not taking his prescribed medication and plaintiff does not claim that he stopped taking the medication because it was ineffective. Also, there was one instance where Dr. Kocha felt that plaintiff was giving a "slightly dramatic performance," and that he may be "exaggerating actual pathology." In the opinion of the undersigned, in order to establish the objective component of an Eighth Amendment claim, plaintiff would need to provide some evidence that could establish that he was harmed by the alleged delay in treatment.

Plaintiff proffers no such evidence. Plaintiff merely asserts that, because he was delayed treatment, he suffered from a herniated or ruptured disc that had to be removed entirely. However, plaintiff is not a medical professional, and has had no medical training. Plaintiff does not

assert that anyone in the medical field told him that his injury was the result of a delay in treatment. Nor does plaintiff offer evidence showing that the course of treatment he received was outside the standard of care, or exacerbated plaintiff's condition. But even if plaintiff could establish a causal relationship between his current medical state and a delay in treatment, he would not be able to establish the subjective component of an Eighth Amendment claim.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, No. 13-5315, slip op. at 4-5 (6th Cir. Apr. 4, 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Defendant Bohjanen never refused plaintiff treatment. Plaintiff was proscribed a variety of medications, a TENS unit, and stretches. Some of these remedies were more effective than others, but at no point did defendant Bohjanen's actions become so inadequate that they would amount to no treatment at all. Plaintiff asserts that defendant Bohjanen's method of treatment was

7

incorrect and insists that he should have been given an MRI sooner. However, this is merely a difference in judgment, and differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to establish a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if a misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Plaintiff has failed to show that defendant Bohjanen acted with deliberate indifference, and therefore has failed to establish a valid Eighth Amendment claim.

Defendant Corizon claims that it cannot be held liable under a theory of respondeat superior. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 818. The Sixth Circuit has specifically held that like a municipal corporation, defendant Corizon's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

Plaintiff alleges that defendant Corizon maintains unconstitutional policies, but fails to proffer even a scintilla of evidence to establish the validity of such a claim. But even if plaintiff were able to substantiate the existence of such a policy, he would still need to show that defendant

8

Corizon violated his Eighth Amendment rights. As stated above, plaintiff's did not constitute deliberate indifference. Therefore, in the opinion of the undersigned, a valid Eighth Amendment claim cannot be established.

Defendant PMC claims that it is immune from suit under § 1983, and therefore plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but rather demands "something more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Moreover, a complaint must state more than "naked assertion[s]" bereft of "further factual enhancement." *Id.,* at 557.

A Rule 12(b)(6) motion may be survived if the complaint contains sufficient facts, that if accepted as true, would "state a claim to relief that is plausible on its face." *Id.,* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, at 678. (citing *Twombly.,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, at 679. Claimants must show more than a mere possibility of

misconduct in order to be entitled to relief, but they are not required to show that their claims are probable. *Id.*

The Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Defendant PMC is an organization within the Michigan Department of Corrections ("MDOC"), and therefore is afforded the same constitutional protections as the MDOC. Plaintiff is barred by the Eleventh Amendment from suing defendant PMC, and therefore plaintiff has failed to state a claim upon which relief may be granted.

For the foregoing reasons, I recommend the motions for summary judgment (Docket #34) filed by defendants Bohjanen and Corizon be granted, defendant PMC's motion to dismiss (Docket #19) be granted, and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

          /s/ Timothy P. Greeley
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE

Dated:   July 2, 2015

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).