UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER WILSON,

    Plaintiff,

File No. 2:14-CV-11

v.

HON. ROBERT HOLMES BELL

DR. RICHARD BOHJANEN, *et al.*,

    Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment due to Defendants' failure to provide appropriate medical care for his back complaints. Pending before the court is Defendants' Motion to Dismiss (ECF No. 19) and Defendants' Motion for Summary Judgment (ECF No. 34). Plaintiff did not file a response to either motion. The matter was referred to Magistrate Judge Timothy P. Greeley, who issued a Report and Recommendation (R&R) on July 2, 2015, recommending that this Court grant Defendants' motions. (ECF No. 44.) The matter is presently before the Court on Plaintiff's objections to the R&R and belated response to the motion to dismiss. (ECF Nos. 45, 47.) For the reasons below, this Court overrules the objections and issues this Memorandum Opinion and Order.

    This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern

those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff presents the following objections: (1) the magistrate judge made an improper credibility determination; (2) the R&R frames Plaintiff's medical issues as a non-obvious complaint; (3) the R&R ignores case law supporting Plaintiff's contention that Dr. Bohjanen was deliberately indifferent; (4) Plaintiff properly asserted that Corizon had a policy of cutting health care costs that caused a deprivation to Plaintiff's Eighth Amendment rights; and (5) Defendant Pain Management Committee (PMC) is not entitled to immunity under the Eleventh Amendment.

The magistrate judge did not make an improper credibility determination when he found that Plaintiff had failed to establish objectively that his injuries were sufficiently serious. A "sufficient serious" medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). The judge did not make a credibility determination when he noted that Dr. Kocha felt the plaintiff was exaggerating his condition. Dr. Kocha's skepticism about Plaintiff's condition, Plaintiff did not take prescribed medication and had been seen walking without a limp, indicating that Plaintiff's complaint was not obvious to a lay person. Plaintiff also objects that the magistrate judge made credibility determinations when he used words like "alleges" or "asserts" to characterize Plaintiff's claims. The magistrate judge relied entirely on the facts alleged in Plaintiff's complaint because Plaintiff offered no response to the motions and no additional affidavits or evidence of his condition. The magistrate judge did not determine Plaintiff's credibility;

he merely reviewed the evidence proffered by the parties and found that Plaintiff had not adduced sufficient evidence that he had an objectively serious medical need. Accordingly, the Court will overrule Plaintiff's first and second objections.

The R&R did not "ignore" caselaw supporting a finding of Dr. Bohjanen's deliberate indifference. Plaintiff introduced the caselaw belatedly, after the R&R was filed. Plaintiff's citations do not demonstrate that the defendants in this case subjectively knew of a risk to his health, inferred that a risk of harm existed, and consciously disregarded that risk. *See Jones*, 625 F.3d at 941. Plaintiff has failed to produce evidence that Defendants had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff argues that the physician's failure to provide a timely MRI "shocks the conscience." To the contrary, the evidence produced demonstrated that Defendants knew of a risk to Plaintiff's health based on his back pain, and thus Defendants prescribed medications, a TENS unit, and stretches. As the magistrate judge pointed out, even a misdiagnosis that resulted in inadequate treatment does not constitute deliberate indifference. *See Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Plaintiff's treatment was not so woefully inadequate as to amount to no treatment at all. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Plaintiff's claim that Defendants likely altered his records to cover up their deliberate indifference is baseless. Thus, the Court will overrule Plaintiff's third objection.

Plaintiff's fourth objection is that he implicitly stated that Corizon had an informal policy of cutting costs, regardless of the deleterious effects such a denial would have on prisoners. To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's assertions fall short of the plausibility standard. Plaintiff has not alleged "an officially executed policy, or the toleration of a custom . . . [that] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507 (6th Cir.1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). That Corizon may forgo expensive treatments if it receives insufficient reimbursement from the Michigan Department of Corrections does not mean that such decisions result in the deprivation of a constitutionally protected right, nor that Plaintiff was personally deprived of a constitutionally protected right. *See Deruso v. City of Detroit,* 121 F. App'x 64, 65-66 (6th Cir. 2005) (separately filed court cases alleging constitutional violations similar to the one at issue did not establish requisite evidence of a policy). Moreover, the Court has already overruled Plaintiff's objections and found that he did not demonstrate that he was deprived of his Eighth Amendment rights. Thus, Plaintiff's fourth objection is overruled.

Last, Plaintiff objects that Defendant Pain Management Committee (PMC) is not entitled to immunity under the Eleventh Amendment. The magistrate judge's analysis that PMC is not subject to a Section 1983 action is correct. Furthermore, PMC is not a "person" within the meeting of 42 U.S.C. § 1983. *See Greenman v. Oulette*, No. 1:10-cv-549, 2010 WL 2901873*2 (W.D. Mich. July 23, 2010) (Bell, J.); *Kaplan v. Mich. Dep't of Corr.*, No. 1:11-cv-255, 2013 WL 1289524, *15 (W.D. Mich. March 8, 2013) (Scoville, M.J.); *Schweiger v. Corr. Med. Servs.*, No. 11-15345, 2013 WL 1843396, *1 (E.D. Mich. Apr. 1, 2013). Thus, Plaintiff's fifth objection is without merit.

Having engaged in a de novo review of Plaintiff's specific objections to the R&R, the Court finds that they are without merit, and the R&R makes a sound recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 45) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF No. 44) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss and Motion for Summary Judgment (ECF Nos. 19, 34) are **GRANTED**.

Dated: August 17, 2015            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE